**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** : | **CASE NO: 18-57431-LRC** |
| : | **CHAPTER 11** |
| **STEVEN JAY STRELZIK,** : | |
|     Debtor. : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| **SELECT PORTFOLIO SERVICING, INC.,** : | |
| **INDIVIDUALLY AND AS SERVICER FOR U.S.** : | |
| **BANK, NATIONAL ASSOCIATION, AS** : | |
| **TRUSTEE FOR THE EMC MORTGAGE LOAN** : | |
| **TRUST 2001-A MORTGAGE PASS-THROUGH** : | |
| **CERTIFICATES SERIES 2001-A,** : | |
|     Movant. : | |
| : | **CONTESTED MATTER** |
| **vs.** : | |
| : | |
| **STEVEN JAY STRELZIK,** : | |
| **UNITED STATES TRUSTEE, Trustee** : | |
|     Respondents. : | |

**NOTICE OF ASSIGNMENT OF HEARING**

    NOTICE IS HEREBY GIVEN that Select Portfolio Servicing, Inc., individually and as servicer for U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2001-A Mortgage Pass-through Certificates Series 2001-A filed a Motion for Relief from Automatic Stay with the Court seeking an order modifying stay, and hearing will be held on the Motion for Relief from Automatic Stay **in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia at <u>10:00 A.M.</u> on <u>July 12, 2018</u>.**

    Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, S.W., Suite 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

    If a hearing on the Motion for Relief from Automatic Stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and

*(Remainder of page intentionally left blank)*

agrees to a hearing on the earliest possible date.  Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: 6/19/2018
/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | CASE NO: 18-57431-LRC |
| : | CHAPTER 11 |
| **STEVEN JAY STRELZIK,** : | |
| Debtor. : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| **SELECT PORTFOLIO SERVICING, INC. AS** : | |
| **SERVICER FOR U.S. BANK, NATIONAL** : | |
| **ASSOCIATION, AS TRUSTEE FOR THE EMC** : | |
| **MORTGAGE LOAN TRUST 2001-A** : | |
| **MORTGAGE PASS-THROUGH** : | |
| **CERTIFICATES SERIES 2001-A,** : | |
| Movant. : | |
| : | **CONTESTED MATTER** |
| vs. : | |
| : | |
| **STEVEN JAY STRELZIK,** : | |
| **UNITED STATES TRUSTEE, Trustee** : | |
| Respondents. : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

Select Portfolio Servicing, Inc., individually and as servicer for U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2001-A Mortgage Pass-through Certificates Series 2001-A ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of **570 LONDONBERRY ROAD, ATLANTA, GA 30327** (the "Property"), for all purposes allowed by law, the Note (defined below), the **Security Deed** (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of **$219,300.00** (the "Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

2. Pursuant to that certain **Security Deed** (the "**Security Deed**"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the **Security Deed** are secured by the Property. A copy of the **Security Deed** is attached hereto as Exhibit "B".

3. The legal description of the Property and recording information is set forth in the **Security Deed**, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

4. As of **May 21, 2018**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$523,738.86**.

5. As of **May 21, 2018**, the Debtor has failed to make **134** payments due pursuant to the terms of the Note.

6. The estimated market value of the Property is **$675,100.00**. The basis for such valuation is **Fulton County Tax Assessor.** A copy of the Property Valuation is attached hereto as Exhibit "C".

7. Cause exists for relief from the automatic stay for the following reasons:

   a. Movant's interest in the Property is not adequately protected.

   b. Movant's interest in the collateral is not protected by an adequate equity cushion.

   c. Pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

8. In addition to seeking stay relief in order to proceed with a foreclosure sale, the Movant seeks a comfort order or, in the alternative, relief from the stay, in order to continue defense of a pre-petition lawsuit filed by the Debtor.

9. On June 5, 2017, the Debtor and his wife, Holly H. Strelzik, filed a lawsuit in the Fulton County Superior Court against U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2001-A Mortgage Pass-through Certificates Series 2001-A, Select Portfolio Servicing, Inc., and McCalla Raymer Leibert Pierce, LLC (the "Lawsuit"). The Lawsuit was removed to the United States District Court for the Northern District of Georgia, where it was assigned Case No. 1:17-cv-03202-ELR. A true and correct copy of the Complaint is attached hereto as Exhibit "D"

10. On April 10, 2018, the district court entered an Order directing the Plaintiff to file a Notice of Bankruptcy, and noted that the case would be stayed if such a notice was filed. A true and correct copy of this Order is attached hereto as Exhibit "E". On April 30, 2018, the Debtor filed a Notice of Bankruptcy, which

resulted in the case being stayed. A true and correct copy of the Notice of Bankruptcy is attached hereto as Exhibit "F".

11.     11 U.S.C. § 362, contains two subsections that are relevant to pending lawsuits – (a)(1) and (a)(3), which respectively stay suits by the debtor and prevent "acts to obtain possession of or exercise control over 'property of the estate.'" *Martin-Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7tth Cir. 1989) (quoting 11 U.S.C. § 362(a)(3)). This Court should find that neither provision applies here.

12.     First, it is clear that subsection (a)(1) does not operate to stay this case, as this is a suit brought by, not against the debtor. *See id.* ("For in any event the automatic stay is inapplicable to suits *by* the bankrupt."). The plain language of this section states that it is only applicable to a "proceeding *against* the debtor . . . ." (emphasis added).

13.     Second, with respect to subsection (a)(3), at least one other court has found that defending a foreclosure-related lawsuit brought by a debtor does not violate this provision. *See Piscatelli v. Nationstar Mortgage, LLC*, 13-80692-CIV, 2013 WL 7137480 (S.D. Fla. Dec. 3, 2013) *report and recommendation adopted*, 2014 WL 406520 (S.D. Fla. Jan. 15, 2014).

14.     In *Piscatelli*, the plaintiff brought suit against the servicer of his mortgage and thereafter filed for bankruptcy. *Id.* at *1. The plaintiff objected to the servicer's motion to dismiss on the grounds "that Defendants violated the bankruptcy court's automatic stay by removing this case to federal court and filing motions to dismiss." *Id.* at *6. The *Piscatelli* court soundly rejected this argument, because "someone defending a suit brought by the debtor does not risk violation of § 362(a)(3) by filing a motion to dismiss the suit." *Id.* at *6 (quoting *United States v. Inslaw, Inc.,* 932 F.2d 1467, 1473 (D.C.Cir.1991)). The court further noted that the underlying policy of Section 362 does not "prevent[ ] persons whom the bankrupt debtor has sued from protecting their legal rights." *Id.* (quoting *Martin–*

*Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989) (internal citations omitted)).

15. In light of the above arguments and authority, the Movant requests that this Court enter an Order confirming that the stay does not prevent the Lawsuit from proceeding in normal fashion. In the alternative, Movant requests that this Court grant Movant relief from the stay to continue with defense of the Lawsuit.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the **Security Deed**, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Confirming that the stay is not in effect with respect to the Lawsuit; or in the alternative, grant relief from the stay for Movant to continue defense of the Lawsuit;

3  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

5. For such other relief as the Court deems proper.

RUBIN LUBLIN, LLC

/s/ Lisa F. Caplan                                                              Date: June 19, 2018
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor

CERTIFICATE OF SERVICE

     I, Lisa F. Caplan of Rubin Lublin, LLC certify that on the 19th day of June, 2018, I caused a copy of the Notice of Assignment of Hearing and Motion for Relief from Automatic Stay (Real Property) to be filed in this proceeding by electronic means and to be served by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Steven Jay Strelzik
570 Londonberry Road
Atlanta, GA 30327

Steven J. Strelzik, Esq.
Steven J. Strelzik
Suite 1920
6 Concourse Parkway
Atlanta, GA 30328

Lindsay P. S. Kolba
*United States Trustee*
Office of the US Trustee
75 Ted Turner Drive, SW, Suite 362
Atlanta, GA 30303

Troutman Sanders LLP
Brian Watt, Esq.
600 Peachtree Street, Suite 5200
Atlanta, GA 30308

Troutman Sanders LLP
Matthew R. Brooks, Esq.
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216

Capital One
General Correspondence
PO Box 30285
Salt Lake City, 84130

Executed on 6/19/18
By:/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor