

**IT IS ORDERED as set forth below:**

**Date: April 30, 2019**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| Steven J. Strelzik, | Case No. 18-57431-lrc |
| Debtor. | |
| SPUS7 7000 Central Park LLC, | CONTESTED MATTER |
| Movant, | |
| v. | |
| Steven J. Strelzik, | |
| Respondent. | |

**CONSENT ORDER RESOLVING SPUS7 7000 CENTRAL PARK, LLC'S OBJECTION
TO DEBTOR'S DISCLOSURE STATEMENT**

THIS CAUSE came for hearing before the Court on April 25, 2019 at 10:15 a.m. (the

"**Hearing**") on the _Disclosure Statement with Regard to Chapter 11 Plan Submitted by Steven_

38732355

*Strelzik Debtor and Debtors in Possession* (Doc. No. 65) (the "**Disclosure Statement**") filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") and the objection thereto (Doc. No. 67) (the "**Objection**") filed by creditor SPUS7 7000 Central Park, LLC ("**Movant**" and, together with the Debtor, the "**Parties**"). Upon consideration of the Disclosure Statement and Objection, and the arguments and presentation of counsel at the Hearing; and having obtained consent from the Debtor, by and through his attorney of record, Will Geer; and the Court having determined after due deliberation that due and proper notice of the Objection has been given, and that the Parties wish to fully resolve the Objection,

**IT IS HEREBY ORDERED THAT**:

1.    Subject in all respects to the Debtor's compliance with the terms and conditions set forth in ¶ 2 herein –

(a)    the Objection shall be, and hereby is, WITHDRAWN;

(b)    Movant agrees to vote to accept the *Debtor's Plan of Reorganization* (Doc. No. 64) (the "**Plan**") in its current form; provided that any alterations to the Plan that may affect Movant's rights, remedies, or obligations under the Plan shall relieve Movant of its obligation to vote to accept the Plan pursuant to this ¶ 1(b);

(c)    provided the Debtor fully performs under this Order and the Plan (with regard to the Plan provisions that affect Movant) and is not in default under either this Order or the Plan (with regard to the Plan provisions that affect Movant), Movant shall not pursue any efforts to collect from the Law Offices of Steven J. Strelzik, P.C. (the "**PC**") the attorneys' fees and expenses (having a current approximate balance of $92,963.67), which were awarded to Movant pursuant to the *Final Order and Judgment* dated November 16, 2017 (the "**Judgment**") entered by the Superior Court of Fulton County (the "**State Court**") in *SPUS7 7000 Central*

38732355

*Park, LLC v. Law Offices of Steven J. Strelzik, P.C. and Steven J. Strelzik, Individually* (No. 2017-cv-290755);[1] and

(d)    notwithstanding the State Court's entry of the *Order on Payment of Rent During Pendency of Appeal* dated November 28, 2017 (the "**Rent Order**"), pursuant to which the Debtor was (and is) directed to pay $6,250.00 into the registry of the State Court on the 1st of each month pending the appeal of the Judgment, Movant shall not require the Debtor (or the PC) to pay the May 2019 rent installment (in the amount of $6,250.00) into the registry of the State Court, which installment would otherwise be due under the Rent Order.

2.    The Debtor shall –

(a)    vacate and fully surrender (in broom-clean condition) to Movant the real property known as and located at Suite 1000 of 7000 Central Parkway, Atlanta, Georgia 30328 (the "**Premises**") on or before midnight May 15, 2019 (the "**Deadline**");

(b)    cause the PC, to vacate and fully surrender (in broom-clean condition) to Movant the Premises on or before the Deadline;

(c)    not contest, oppose, or otherwise interfere with the execution of the *Consent Writ of Possession*, attached hereto as **Exhibit A** (the "**Writ**"), authorizing and directing the Fulton County Marshal(s) to remove the Debtor and/or the PC from the Premises if either is still present therein after the Deadline or if any personal property of the Debtor and/or the PC shall remain therein after the Deadline;

(d)    cause the PC to withdraw with prejudice its *Petition for Certiorari* (No. S19C0874)[2] from the Supreme Court of Georgia no later than two (2) business days from the date this Order is entered; and

---

[1] For the avoidance of doubt, nothing herein shall prohibit or prevent Movant from seeking disbursement of the Registry Funds (as defined in ¶ 2(e)), *infra*.

(e)     consent to and not contest (and shall cause the PC to consent to and not contest) any request, made by Movant or Movant's assignee, for the disbursement of all funds paid into the Registry of the State Court (the "**Registry Funds**") pursuant to the Rent Order. Neither the Debtor nor the PC shall oppose any attempt by Movant or Movant's assignee to cause the disbursement of the Registry Funds; and the Debtor shall make all reasonable efforts (and shall cause the PC to make all reasonable efforts) to enable the disbursement of Registry Funds pursuant to this ¶ 2(e).

3.     For the avoidance of doubt, the relief provided in ¶ 1 of this Order is subject entirely and in all respects to the Debtor's full compliance with ¶ 2 of this Order, and, in the event the Debtor defaults under the terms of this Order, nothing in this Order shall be construed as a waiver of Movant's right to (x) object to or otherwise contest confirmation of the Plan, (y) seek to collect the Judgment and/or the Registry Funds from the PC, or (z) exercise any and all other rights in equity or law, specifically including, but not limited to, the execution of the Writ.

It is further **ORDERED** that:

4.     the Registry Funds are not property of the estate within the meaning of 11 U.S.C. § 541(a), nor are the Registry Funds property of the Debtor (individually) or the PC; and, none of the Debtor, the estate, or the PC, or any person or entity claiming by or through any of them has any right, title, or interest in or to the Registry Funds;

5.     the automatic stay arising under 11 U.S.C. § 362(a) does not apply to the Registry Funds, and Movant is not prohibited or barred from withdrawing the Registry Funds thereby;

6.     Movant is hereby granted relief from the automatic stay arising under 11 U.S.C. § 362(a) to file and prosecute the Writ, as provided herein;

---

[2] A copy of the *Petition of Certiorari* which must be withdrawn in accordance with this Order is attached hereto as **Exhibit B**.

38732355

7.      Movant's Secured Class 2 Claim (as defined in the Plan) is hereby amended to $92,963.67; provided, however, that such amendment is subject to and contingent upon non-opposition by the Debtor and/or the PC to any attempt by the Movant or its assignee to seek disbursement of the Registry Funds;

8.      the Debtor shall amend, or shall cause to be amended, the Disclosure Statement to fully disclose the terms of this Order;

9.      the Parties are authorized to take any and all further actions necessary to effectuate this Order; and

10.     this Order shall be effective immediately upon entry on the docket, notwithstanding any contrary provision of 11 U.S.C. §§ 101, *et seq*., the Federal Rules of Bankruptcy Procedure (specifically including but not limited to Rule 4001), or otherwise.

**[END OF ORDER]**

[*Signatures on following page*]

PREPARED AND PRESENTED BY:

/s/ *Matthew R. Brooks*

Matthew R. Brooks, Bar No. 378018
Matthew G. Roberts, Bar No. 367914
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone:     404.885.3000
Facsimile:     404.885.3900

*Attorneys for Creditor*
*SPUS7 7000 Central Park LLC*

CONSENTED TO BY:

/s/ *Will B. Geer*

(*with express permission, by Matt Roberts*)
Will B. Geer, Bar No. 940493
WIGGAM & GEER, LLC
50 Hurt Plaza SE
Suite 1245
Atlanta, GA 30303
Telephone:     678.587.8740
Facsimile:     404.287.2767

*Attorneys for the Debtor*

NO OPPOSITION BY:

/s/ *Lindsay P. Kolba*

(*with express permission, by Matt Roberts*)
Lindsay P. Kolba, Bar No. 541621
OFFICE OF THE U.S. TRUSTEE
Suite 362
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Telephone:     404.331.4437

*Attorneys for the U.S. Trustee*

38732355

## <u>DISTRIBUTION LIST</u>

Will B. Geer
c/o Wiggam & Geer, LLC
50 Hurt Plaza SE
Suite 1245
Atlanta, GA 30303

Matthew R. Brooks
c/o Troutman Sanders LLP
600 Peachtree St NE
Suite 3000
Atlanta, GA 30308

Daniel M. McDermott
United States Trustee for Region 21
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Lindsay P. Kolba
c/o Office of the U.S. Trustee
Suite 362
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

38732355

# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SPUS7 7000 CENTRAL PARK, LLC, and | ) | |
| 7000 CP OWNER, L.P. | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO.:  <u>2017-cv-290755</u> |
| | ) | |
| LAW OFFICES OF STEVEN J. | ) | |
| STRELZIK, P.C. and | ) | |
| STEVEN J. STRELZIK, Individually | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>CONSENT WRIT OF POSSESSION</u>

This case is before the Court on Plaintiffs SPUS7 7000 Central Park, LLC and 7000 CP

Owner, L.P. (collectively, "Plaintiffs") proceeding against Defendants Law Offices of Steven J.

Strelzik, P.C. and Steven J. Strelzik (collectively, "Defendants"), seeking to dispossess

Defendants from 7000 Central Parkway, Suite 1000, Atlanta, Georgia 30328 (the "Premises").

Defendants have agreed to vacate the Premises and surrender the Premises to Plaintiffs and,

therefore, the parties have agreed to the entry of a writ of possession with respect to the

Premises, effective immediately.

Accordingly, **IT IS HEREBY ORDERED** that the Fulton County Marshal(s) are

commanded and authorized to execute this Writ of Possession immediately, at which time

Defendants shall be removed from the Premises with all personal belongings, personal property,

and effects; and it is further

**ORDERED** that all personal property inside the Premises not belonging to Defendants

shall remain inside the Premises during the eviction and thereafter.  Plaintiffs, Defendants, and

their respective counsel are permitted and expected to be present at said eviction to identify those

1

personal property items that remain in the Premises and those that are to be removed from the

Premises upon the eviction.  If there is a dispute arising on-site as to whether an item of personal

property constitutes property of Plaintiffs or property of Defendants  the disputed property shall

remain in the Premises for later adjudication by the Court upon subsequent filing of the proper

motion by Defendants to resolve such disputes; and it is further

    **ORDERED** that should Defendants fail or refuse to appear at the Premises for the

eviction, any personal property remaining inside the Premises at that time shall be deemed

abandoned pursuant to O.C.G.A. § 44-7-55(c).

    SO ORDERED this ___ day of _____, 2019.


_____
JUDGE, SUPERIOR COURT OF FULTON
COUNTY, STATE OF GEORGIA

Order Prepared and Consented to by:

T. Matthew Bailey
Georgia Bar No. 194516
Brian P. Watt
Georgia Bar No. 741841

Troutman Sanders LLP
600 Peachtree Street, N.E.
3000 Bank of America Plaza
Atlanta, Georgia 30308-2216
*Attorneys for Plaintiff SPUS7 7000 Central Park, LLC*

Order Consented to by:

_____
Steven J. Strelzik
Georgia Bar No. 687025
Mary Trachian-Bradley
Georgia Bar No. 774440
*Attorneys for Defendants*

2

# **<u>EXHIBIT B</u>**

# IN THE SUPREME COURT OF GEORGIA

| | | |
|---|---|---|
| LAW OFFICES OF STEVEN J. STRELZIK, P.C., | ) ) ) | |
| PETITIONER, | ) ) | CASE NO.: _____ |
| V. | ) ) | |
| SPUS7 7000 CENTRAL PARK, | ) ) | COURT OF APPEALS LLC CASE NO.: A18A1880 |
| RESPONDENT | ) ) | |

---

## PETITION FOR CERTIORARI

---

Steven J. Strelzik
State Bar of Georgia No. 687025
sstrelzik@sjslawga.com
Law Offices of Steven J. Strelzik, P.C.
Suite 1000
7000 Central Parkway
Atlanta, Georgia 30328
(404) 237-5121
Attorney for Petitioner

Case S19C0874    Filed 03/08/2019    Page 2 of 36

## Introduction

Petitioner, Law Offices of Steven J. Strelzik, P.C. (the "Law Office") commenced this action against SPUS7 7000 Central Park, LLC (the "Landlord") after the Landlord refused to honor and comply with an agreement to lease space to the Law Office upon which the Law Office had relied in moving to property owned by the Landlord. The issues presented in this case are: (i) whether an unsigned lease agreement and accompanying e-mails, upon which a party claims it relied as the agreement to lease space in making a substantial investment and change of location, is sufficient to avoid a Motion to Dismiss at the pleading stage of the underlying action; and (ii) whether the trial court's recasting the parties so that the defendant landlord became the nominal plaintiff and the plaintiff Law Office became the nominal defendant was error; and (iii) whether the jury verdict for attorney's fees in favor of Landlord was justified both in law and/or fact.

The Law Office filed a complaint in the Superior Court of Fulton County alleging breach of contract and, in the alternative, a request for specific performance and a temporary injunction preventing the Landlord from evicting the Law Office during pendency of the action. Subsequent to the filing of the Complaint, Landlord had filed a Proceeding Against Tenant Holding Over (the "Dispossessory Action") against the Law Office in the Magistrate Court of Fulton County. The Magistrate

Court ordered the matter be transferred to the Superior Court of Fulton County where, it stated in the Transfer Order, "related case 2017CV288299 is pending."

Landlord filed its defenses and counterclaims to the complaint in the Superior Court action along with a motion to dismiss the Law Office's complaint. The counterclaims filed by Landlord were a Proceeding to Recover Possession from a Tenant Holding Over, attorney's fees and costs pursuant to O.C.G.A. §13-1-11 and 13-6-11. Landlord also included a claim for distribution of rent paid into the registry of the Magistrate Court.

The Law Office amended its complaint and Landlord renewed its motion to dismiss. The verified amended complaint included approximately eighty (80) pages of exhibits which the Law Office argued formed the basis of the lease agreement between the parties. The trial court heard argument on the renewed motion to dismiss and entered its Order Granting SPUS7 7000 Central Park, LLC's Renewed Motion to Dismiss and Motion for Attorney's Fees. Other than the unsigned lease agreements which were exhibits to the First Amended Complaint, both the trial court and the Court of Appeals failed to mention or consider the affect the other communications between the parties attached to the First Amended Complaint had, if any, in their ruling and their opinion. And, the Court of Appeals failed to fully consider the arguments made by the Law Office with regard to the exception to the Statute of Frauds. The opinion of the Court of Appeals clearly, but erroneously,

states that, "The only part performance alleged by [the Law Office] is the payment of rent to [Landlord]," a statement that is absolutely wrong.

Following the dismissal of the Law Office's claims a jury trial was held on Landlord's counterclaim for possession of the premises occupied by the Law Office. The trial court ordered that Landlord be referred to as "plaintiff" and the Law Office be referred to as "defendant" so as not to confuse the jury. In addition, the claims that the Law Office brought were not to be mentioned since those had been dismissed. Accordingly, the trial went forward with no evidence of any defense the Law Office might have had to the Landlord's claims. The jury returned a verdict in favor of Landlord as to possession and attorney's fees in the amount of $100,086.50 on the grounds that the Law Office[1] had been stubbornly litigious or caused Landlord unnecessary trouble and expense. (R - 466) Oddly, this was not the amount of fees and expenses Landlord had claimed and could only have been a whim on the part of the jury since the billing records they had to review were almost totally redacted.

The Law Office and its principal appealed the verdict but the principal of the Law Office filed a Chapter 11 bankruptcy proceeding when, without a hearing, the trial court granted Landlord supersedeas bond in the amount of $117,486.32.

---

[1] The jury found that both the Law Office and Steven J. Strelzik, the attorney/owner of the Law Office were liable for fees and costs but the individual defendant is the debtor in a chapter 11 proceeding and is not a party to this appeal.

-4-

The Court of Appeals issued its opinion on February 22, 2019, affirming the verdict and decisions of the trial court leading up to that verdict. (Exhibit "A") That decision by the Court of Appeals is the subject of this Petition.

## Standard for Granting Certiorari

Certiorari is granted "only in cases of great concern, gravity, or importance to the public." Supreme Court Rule 40. This is a case of significant public concern because litigants must be able to rely upon the courts, both trial and appellate, to fully review and apply the law to the facts of a transaction that happened in real time looking at the transaction in arrears. Important and compelling, competing interests are at stake (the rights of lessees of commercial property to rely upon the written communications they have with a landlord and the landlord's representatives) where the resources of the landlord are far greater than those of the lessee.

## Statement of Facts

On April 3, 2017, the PC filed its Complaint for Damages, Temporary Restraining Order and Other Equitable and Injunctive Relief against the Landlord in the Superior Court of Fulton County. (R. 17-35) That case proceeded as Civil Action File Number 2017CV288299 (the "Superior Court Action"). At such time the record in this matter reflects that the PC was the Plaintiff in the Superior Court case. (R. 1)

On April 17, 2017, Landlord filed its Proceeding Against Tenant Holding Over in the Magistrate Court of Fulton County (the "Magistrate Court Action"). (R.

Case S19G0874    Filed 03/08/2019    Page 6 of 36

101) The PC filed its Answer, Defenses and Counterclaims seeking relief which required the Court to transfer the case to the Superior Court of Fulton County. (Id.) The Transfer Order clearly states that the Superior Court Action is a related case that was already pending. (Id.)

On May 17, 2017, Landlord filed its Answer and Counterclaims as well as its Motion to Dismiss or for a More Definite Statement in the Superior Court Action. (R. 55-79, R. 38-54) Multiple motions were filed and a hearing was held in the pending Superior Court Action prior to July 5, 2017, when the Magistrate Court Action was transferred and began proceeding in the Superior Court of Fulton Count as Civil Action File Number 2017CV290755. (R. 127).

At a hearing held on July 31, 2017, the trial court (1) substituted a party plaintiff to add Mr. Strelzik individually (Mr. Strelzik and the Law Office are collectively referred to hereafter as the "Strelzik Plaintiffs/Appellants"), (2) required the Strelzik Plaintiffs/Appellants to file an Amended Complaint for Damages setting forth a more definite statement of their claims and (3) asked generally for the parties to consent to a consolidation of cases. (R. 130-239). The Strelzik Plaintiffs/Appellants consented to the consolidation upon the agreement of counsel and the trial court that the case would move forward under Civil Action File No. CV2017CV288299 with the Strelzik Plaintiffs/Appellants continuing as plaintiffs. However, on July 31, 2017, the trial court entered an Order of Consolidation which

failed to address how the cases were to be consolidated. From that point until the trial court clarified its Order the parties continued to use both case styles for Civil Action File No. CV2017CV288299 and 2017CV290755 on all filings with the Court.[2]

Following the filing of the Strelzik Plaintiffs/Appellants' First Amended Complaint and before any discovery was conducted the Landlord renewed its Motion to Dismiss each of the Strelzik Plaintiffs/Appellants' claims. (R. 269-293). The Strelzik Plaintiffs/Appellants' First Amended Complaint included claims for (1) breach of contract, (2) money had and received, (3) unjust enrichment, (4) negligent misrepresentation, (5) specific performance, (6) temporary injunctive relief and (7) attorneys' fees and costs.

The claims by the Strelzik Plaintiffs/Appellants were based upon certain correspondence with representatives of Landlord and assurances whereby definite lease terms were provided and accepted by Mr. Strelzik and the PC. (R. 133, ¶ 11) Although Mr. Strelzik entered into a License and Temporary Use Agreement with the Landlord the parties quickly modified the understanding of the parties in the unsigned written agreements such that the PC instead of Mr. Strelzik had the contractual relationship with Landlord. (R. 130-239, showing that the insurance for

---

[2]The two civil action file numbers were used by both parties and the Court from the time of the entry of the Order of Consolidation till the time of the entry of the Order of Clarification on Consolidation during trial when the trial court suddenly determined that the case would move under Civil Action File No. 2017CV290755. (See generally, R. 269- R. 634)

the space was provided by the PC instead of Mr. Strelzik, that all payments were made by the PC instead of Mr. Strelzik and the lease provided by Landlord). In fact, it was only based upon the understanding that a long-term agreement had been reached for the PC to lease the space that Mr. Strelzik caused the PC to enter into the License and Temporary Use Agreement, cease searching for space to relocate the PC, move to Landlord's building and pay rent to the Landlord. The Strelzik Plaintiffs/Appellants argued that these actions in reliance on the then unsigned agreements along with Landlord's acceptance of the rental payments from the PC (who was not the contractual party to the License and Temporary Use Agreement but was a party to the unsigned Lease Agreement) constituted part performance that excepted the lease agreement from the Statute of Frauds. (R. 294-300)

However, the trial court never gave the Strelzik Plaintiffs/Appellants a chance to move forward on their claims. On September 1, 2017, the trial court granted Landlord's Motion to Dismiss, striking all of the Strelzik Plaintiffs/Appellants' claims. (R. 269-293, 303-306)

The two civil action file numbers continued to be used by both parties and the Court until the time of trial when the Strelzik Plaintiffs/Appellants sought clarification to determine the manner in which the parties would proceed at trial. (T. p. 12:10-21) At this time, the trial court suddenly determined that as it had stricken the claims of the Strelzik Plaintiffs/Appellants that the case would move forward

under Civil Action File No. 2017CV290755, the action that was removed from the
Magistrate Court and in which Landlord was the plaintiff. (See generally, R. 269- R.
634) That decision by the trial court was the basis for permitting Landlord to seek
attorneys' fees pursuant to O.C.G.A. 13-6-11. (R. 634)

Landlord sought its attorneys' fees at trial in the amount of One Hundred and
Twenty-Five Thousand and 00/100 Dollars ($125,000.00) on its claim against the
Strelzik Plaintiffs/Appellants in the Proceeding to Recover Possession from a Tenant
Holding Over. (T. p. 357:20-24). Despite the numerous redactions and cursory,
broad-stroke explanations of fees, the trial court permitted Landlord's request for
attorneys' fees to go to the jury and denying the Strelzik Appellants' request to find
testimony regarding the attorneys' fees request was not sufficiently definite. (T. pgs.
378: 16-383:19) (R. 303-306, 534, 378-383)

**Enumerations of Error**

1.   The Court of Appeals and the trial court erred in granting Landlord's Motion
     to Dismiss because: (a) they misunderstood the facts relied upon by the Law
     Office in support of its claim that an enforceable lease agreement between the
     Law Office and the Landlord existed; and (b) they failed to consider all of the
     evidence in the record in support of the claim that an enforceable lease
     agreement had been agreed to; and (c) the Court of Appeals and the trial court

misapplied the standard of the Statute of Frauds as the same relates to the unsigned lease agreement relied upon by the Law Office.

2.    The Court of Appeals and the trial court erred in finding that the judgment for attorney's fees against the Law Office was supported by law and/or fact.

3.    The Court of Appeals and the trial court erred in finding that attorney's fees could be recovered by Landlord pursuant to O.C.G.A § 13-6-11 despite the fact that no such fees could have been recovered on the Proceeding Against a Tenant Holding Over in the Magistrate Court and no facts relating to the claims the Law Office had asserted could be argued to the jury.

4.    The Court of Appeals and the trial court erred in permitting redacted billing records and testimony failing to allocate the matters to which the billed activities related. (The Court should note that the billing records in the Record were covered in black marker over the words in each place where the word "Redacted" appears.)

5.    The trial court erred in recasting the Landlord as plaintiff and the Law Office as defendant at the time of trial.

**<u>Citation of Authority</u>**

**I.    The trial court misunderstood and the Court of Appeals did not consider all of the facts relied upon by the Law Office in granting and affirming the grant of Landlord's Motion to Dismiss.**

The Georgia Civil Practice Act governs matters of procedure for litigation in the Superior Courts within the State of Georgia. Trust Co. Bank of Northwest Georgia v. Shaw, 182 Ga.App. 165, 166, 355 S.E.2d 99, 100 (1987) (cert. denied). The basic premise, that "pleadings must be construed most strongly in favor of the pleader who is entitled to the most favorable inferences that can be drawn from the complaint, *even though contrary inferences are also present*" in dispossessory cases where a counterclaim (or, in this instance, a claim) has been filed applies even though it is a statutory special proceeding. Kaplan v. Sanders, 136 Ga.App. 902, 903, 222 S.E.2d 630, 632 (1975) (reversed only as to punitive damage claim) (emphasis added).

Where a party moves for dismissal pursuant to O.C.G.A. § 9-11-12(b)(6), failure to state a claim upon which relief can be granted, if the complaint gives fair notice it should be dismissed for failure to state a claim only if its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief sought. In other words, a dismissal will not be upheld unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. Aetna Workers' Comp. Access, LLC v. Coliseum Medical

Center, 332 Ga.App. 641, 652, 746 S.E.2d 148, 156 (2013) (citations omitted). And, a motion for judgment on the pleadings should only be granted where the moving party is clearly entitled to judgment. Trop, Inc. v. City of Brookhaven, et al., 296 Ga. 85, 87, 764 S.E.2d 398, 401 (2014).

The trial court lacks authority to, and therefore may not, close the pleadings prior to entry of a signed pretrial order or the commencement of trial. O.C.G.A. § 9-11-15(a); W.M. Griffin Family Farms, Inc. v. Northrup King & Company, et al., 191 Ga.App. 304, 381 S.E.2d 441, 442 (1989). "The Civil Practice Act *requires* that pleadings be liberally construed in favor of the pleader." Artson, LLC v. Hudson, 322 Ga.App. 859, 862, 747 S.E.2d 68, 72 (2013). The Georgia Court of Appeals discussed the manner in which a trial court is to view a Complaint where a motion to dismiss has been filed in its holding in Babola v. HSBC Bank, USA, N.A., 324 Ga.App. 750, 752, 751 S.E.2d 545, 548 (2013), explaining:

> Under current Georgia law, it is not "necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim." Rather, "[t]he Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act." Thus, a motion to dismiss for failure to state a claim should not be granted

-12-

unless "the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof." "*Put another way, 'if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.*'" (emphasis added)

It is clear from the First Amended Complaint for Damages and Equitable Relief that the Law Office has met and exceeded its burden of pleading matters that entitle them to relief. As in almost every case that is truly and fairly contested there are facts that exist that a party cannot testify to without obtaining documents from and the testimony of others and facts that may be unknown to a party that are developed through discovery. The Court of Appeals recognized this when it held that "[d]iscovery is an integral and necessary element of our civil practice. ...The broad purpose of the discovery rules, under the Civil Practice Act, is to enable the parties to prepare for trial…" Lion Antique Cars & Investment, Inc. v. Tafel, 332 Ga.App. 824, 825, 775 S.E.2d 191, 193 (2015). "Discovery is specifically designed to fulfill a two-fold purpose: issue formulation and factual revelation. The use of the discovery process has been held to be broadly construed." Travis Meat & Seafood Co. v. Ashworth, 127 Ga. App. 284, 286, 193 S.E.2d 166, 168 (1972); Hickman v. Taylor, 329 U.S. 495, 500, 67 S.Ct. 385, 91 L.Ed. 451; Reynolds v. Reynolds, 217

Ga. 234, 246, 123 S.E.2d 115. Discovery is in place to ensure that a party is not placed at a disadvantage because it does not have custody of certain evidence. International Harvester Co. v. Cunningham, 245 Ga.App. 736, 739, 538 S.E.2d 82, 85 (2000).

The same applies here. With discovery and the power to subpoena testimony the Strelzik Appellants could have proven the following:

- Evidence regarding Landlord having confused the individual and professional corporation parties in the process of documenting the transaction that forms the basis for the action filed by Plaintiff(s); and

- Evidence regarding communications (written and oral) between representatives of the Law Office and the Landlord regarding acceptance of and agreeing to the offered lease terms; and

- Evidence regarding part performance of the lease agreement by the Law Office and the Landlord, thereby removing either or both of those agreements from the provisions of the Statute of Frauds; and

- Evidence of misrepresentations made to representatives of the Strelzik Appellants by agents of the Landlord; and

- Evidence of the authority representatives of the Landlord had to bind the Landlord to the terms of the lease agreement provided to the representatives for the Law Office.

The trial court's dismissal of the claims asserted by the Law Office which rested in contract, tort and equity was too hasty pursuant to the provisions of the Georgia Civil Practice Act and the affirmance of that action by the Georgia Court of Appeals should be reversed.

**II.**    **The trial court erred by consolidating the cases before it in a manner that cast Landlord as the plaintiff after the parties and the trial court agreed otherwise.**

O.C.G.A. § 9-11-42 (a) provides:

When actions involving a common question of law or fact are pending before the court, if the parties consent, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The law is clear that consolidation under Georgia law requires the consent of all parties. Banks-Jackson-Commerce Hosp. & Nursing Home Auth. v. Floyd, 300 Ga. App. 206, 207, 684 S.E.2d 274, 275 (2009). Although the trial court obtained the Strelzik Appellants' consent for consolidation, that consent was solely predicated on the trial court consolidating the Magistrate Court Action into the pending Superior Court Action at the time the Magistrate Court Action was transferred to Superior Court.

Instead, the trial court's Order on Consolidation was silent and no guidance was given until a telephonic hearing on the eve of trial where the trial court indicated it would like enter an order at trial consolidating the Superior Court Case into the Magistrate Court case.[3] Only once trial had begun did the trial court enter the Order of Clarification of Consolidation showing the manner in which the cases would be consolidated. Such behavior prejudiced the ability of the Law Office to adequately prepare its trial strategy and to object.

The manner and timing in which the trial court consolidated the Superior Court Action and Magistrate Court Action was prejudicial and an abuse of discretion. Such an action wrongfully permitted Landlord to seek attorneys' fees pursuant to O.C.G.A. § 13-6-11, an issue further discussed below.

### III. The trial court erred in permitting Landlord's attorneys' fees request to go to the jury as the fees presented were not sufficiently definite to sustain an award.

A cursory review of the attorneys' fees presented by Landlord's counsel shows there are numerous redactions which prohibit the jury from being able to determine with any certainty whether the fees requested are relevant or reasonable. (T. 360:9-361:4; 363:13-365:1, 368:12-369:10; Plaintiffs' Exhibit 25 pg. 360).

---

[3] A court reporter was requested for the telephonic hearing, but it is believed that no transcript exists.

The evidence presented, including the following, show that the billing was not reasonable for a dispossessory matter pursuant to O.C.G.A. § 13-6-11: (1) six (6) attorneys billed on the case, (2) the billing reached in excess of One Hundred Twenty Five Thousand and 00/100 Dollars ($125,000.00), and (3) no billing records had been produced or given to the Law Office prior to trial. (T. 11: 2-12; 357:10-22). On the other hand the entire case was handled by two (2) attorneys for the Law Office. (T. 357: 25-358:14).

The timesheets presented by Landlord lists items like "conference", or "letter written" with many redactions. However, in <u>Southern Cellular Telecom v. Banks</u> the Court of Appeals held that attorneys' fees are only recoverable to the extent that the party seeking such fees has presented admissible evidence that is detailed enough to allow the jury to determine if the fees were necessary and reasonable. <u>Southern Cellular Telecom v. Banks,</u> 209 Ga.App. 401; 433 S.E.2d 606 (1993).

Mr. Watt, counsel for Landlord at the trial, testified that their attorneys' fees were high for a dispossessory action and also testified that part of the expense was defending against claims raised against the Landlord. However, Landlord having to defend an action does not prove that the Law Office was being stubbornly litigious nor does it entitle Landlord to the recovery of attorneys' fees without more. (T. 353:17-23, 356:22-24) <u>Kinsala v. Hair,</u> 324 Ga.App 1, 747 S.E.2d 887 (2013). Where there is a factual or legal dispute, attorneys' fees are not warranted. <u>Lee v.</u>

Case S19C0874    Filed 03/08/2019    Page 18 of 36

Park, 341 Ga.App. 350, 800 S.E.2d 29 (2017). In fact, the initial claim filed by the Law Office requested declaratory judgment so that a protracted action would not be required.

Moreover, attorneys' fees may not be recovered by Landlord in this matter because a plaintiff-in-counterclaim cannot recover attorneys' fees under a statute authorizing an award of fees based on a defendant's bad faith or stubborn litigiousness unless the plaintiff-in-counterclaim asserts a counterclaim which is an independent claim that arose separately from or after the plaintiff's claim. Sugarloaf Mills Ltd. P'ship of Georgia v. Record Town, Inc., 306 Ga. App. 263, 701 S.E.2d 881 (2010). Upon review, the facts in this case are quite similar to Sugarloaf Mills where the court held that a commercial tenant could not recover attorneys' fees on its counterclaim against a landlord in the landlord's dispossessory action where the counterclaim was a compulsory counterclaim arising out of the same amended lease that was the basis for the dispossessory action. (Id.)

The attorneys' fees awarded the Landlord were not reasonable, were not sufficiently detailed, impermissibly sought recovery for defending against claims upon which facts or the law were in dispute, and did not arise out of a separate claim from the Law Office's claims. For all these reasons, the attorneys' fees should not have been permitted to be determined by the jury.

**Conclusion**

The failure of the trial court and the Court of Appeals to fully understand the argument of the Petitioner, Law Office, deprived Petitioner of the very right to have its argument presented to or considered by the jury. As this Court observed in Cousins v. Macedonia Baptist Church of Atlanta, 283 Ga. 570, 662 S.E.2d 533 (2008), the fundamental constitutional rights of due process and unfettered access to the courts of the state require that every party to a lawsuit be afforded the opportunity to be heard and to present his claim or defense, i.e., to have his day in court. As this party was not permitted its day in court this Court should grant certiorari.

Respectfully submitted this 8th day of March, 2019.


　　　　　　　/s/ Steven J. Strelzik　　　　
Steven J. Strelzik
State Bar of Georgia No. 687025
sstrelzik@sjslawga.com

Attorney for Petitioner

Law Offices of Steven J. Strelzik, P.C.
Suite 1000
7000 Central Parkway
Atlanta, Georgia 30328
(404) 237-5121 – Voice
(404) 266-3516 – Facsimile

# EXHIBIT "A"

**THIRD DIVISION
GOBEIL,
COOMER, and HODGES, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 22, 2019**

**NOT TO BE OFFICIALLY
REPORTED**

# In the Court of Appeals of Georgia

A18A1880. LAW OFFICES OF STEVEN J. STRELZIK, P.C. et al.
v. SPUS7 7000 CENTRAL PARK, LLC.

COOMER, Judge.

Law Offices of Steven J. Strelzik, P.C. (the "P.C.") and Steven J. Strelzik (collectively "Appellants") appeal from a trial court's final order and judgment granting SPUS7 7000 Central Park, LLC ("Central Park") a writ of possession, awarding Central Park $50,000 in accrued rent, and awarding Central Park attorney fees and expenses in the amount of $100,086.50. Appellants contend that the trial court erred in (1) granting Central Park's motion to dismiss before the pleadings were closed, (2) improperly consolidating two cases, and (3) permitting the jury to determine an attorney fees award. For the following reasons, we affirm.

Case S19C0874    Filed 03/08/2019    Page 33 of 36

The record shows that Strelzik was searching for new office space for his law practice in 2016. Katherine Lynch, who worked for Central Park's property manager, showed Strelzik space available for lease in a building owned by Central Park. After seeing the space, Strelzik asked his real estate broker to contact Lynch and inform her that the P.C. wanted to lease space in the building. The real estate broker also informed Lynch that the P.C. would need temporary space to use during the build-out to be done in the permanent space.

On July 26, 2016, Lynch emailed Strelzik's real estate broker a proposal to lease Strelzik 2,190 square feet of space (the "Long-Term Space") for 65 months. In the email, Lynch stated that payments under a separate license agreement for temporary space (the "Temporary Space") would "be reimbursed via rent credit if a lease is executed."

Strelzik and Central Park entered into a license and temporary use agreement dated July 29, 2016, (the "License Agreement") for the Temporary Space. The License Agreement stated that Central Park and Strelzik "have entered negotiations for a lease . . . of certain office space . . . " and granted Strelzik a license to use the Temporary Space beginning August 1, 2016. The license was to end on January 31, 2017, or earlier if a long-term lease was entered into for other space in the building.

2

Case S19C0874    Filed 03/08/2019    Page 33 of 36

Under the License Agreement, Strelzik was required to pay $6,250 per month beginning August 2016.

On August 1, 2016, Lynch emailed Strelzik's real estate broker an incomplete, unsigned lease agreement (the "Lease Agreement") for the Long-Term Space. As in the earlier proposal emailed by Lynch, the term provided in the Lease Agreement was 65 months. Strelzik's real estate broker attempted to contact Lynch on a number of occasions to obtain a final copy of the Lease Agreement for execution. However, in January of 2017, Appellants learned that Central Park was not going to execute the Lease Agreement. Central Park agreed to extend Strelzik's occupancy of the Temporary Space through March 31, 2017.

The P.C. filed a complaint against Central Park in Fulton County Superior Court on April 3, 2017, asserting claims of breach of contract, specific performance, temporary injunctive relief, and attorney fees and costs. Central Park filed a dispossessory proceeding against Strelzik and the P.C. in the Magistrate Court of Fulton County. On April 25, 2017, Appellants filed an answer, defenses, and counterclaims in the Fulton County Magistrate Court dispossessory proceeding. The dispossessory proceeding was transferred to Fulton County Superior Court on May

3

Case S19C0874    Filed 03/08/2019    Page 34 of 36

2, 2017, because Appellants' counterclaims sought damages in excess of the jurisdictional limit of the magistrate court.

On May 17, 2017, Central Park filed a motion to dismiss the P.C.'s complaint in the superior court action for failure to state a claim upon which relief can be granted pursuant to OCGA § 9-11-12 (b) (6) or, in the alternative, for a more definite statement. On July 31, 2017, the trial court entered an order consolidating the two cases. Appellants filed an amended complaint on August 4, 2017, reasserting the claims for breach of contract, specific performance, temporary injunctive relief and attorney fees and costs, and adding new claims for money had and received, unjust enrichment, and negligent misrepresentation. Central Park filed a renewed motion to dismiss for failure to state a claim on August 11, 2017. The trial court granted Central Park's renewed motion to dismiss on September 1, 2017, noting that Appellants' complaint "failed to allege the existence of a legally cognizable agreement."

After a jury trial on Central Park's claims against Appellants, the jury entered a verdict on November 15, 2017, authorizing Central Park to recover possession of the Temporary Space; awarding Central Park the $6,250 in monthly rent; and awarding Central Park attorney fees and expenses in the amount of $100,086.50. The

Case S19C0874    Filed 03/08/2019    Page 35 of 36

trial court entered its final order and judgment and issued a writ of possession on

November 16, 2017. This appeal followed.[1]

1. In their first enumeration of error, Appellants contend that the trial court

erred in granting Central Park's motion to dismiss before the pleadings were closed,

with the result that they could not obtain the discovery needed to substantiate their

claims. We do not agree.

We apply a de novo standard of review to a trial court's ruling on a motion to

dismiss. *See Watson v. Ga. Dept. of Corrections*, 285 Ga. App. 143, 143 (645 SE2d

629) (2007). "Our role is to determine whether the allegations of the complaint, when

construed in the light most favorable to the plaintiff, and with all doubts resolved in

the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to

---

[1]We note that Central Park filed in this Court a motion to lift the supersedeas
effect of this appeal as to its dispossessory claim, arguing that OCGA § 44-7-56
should not apply because Appellants failed to explicitly challenge the resolution of
Central Park's dispossessory claim. We disagree and find that because Appellants
challenge the trial court's grant of Central Park's motion to dismiss the complaint,
which included a request that the trial court temporarily enjoin Central Park from
dispossessing Appellants based on their position that a long term lease had been
effectuated , possession is an issue on appeal. Consequently, Central Park's motion
is denied.

Case S19C0874    Filed 03/08/2019    Page 36 of 36

relief under any state of provable facts." *Chandler v. Opensided MRI of Atlanta, LLC*, 299 Ga. App. 145, 145 (682 SE2d 165) (2009) (citation and punctuation omitted).

(a) Appellants' main argument regarding Central Park's motion to dismiss is based on the timing of the trial court's order. Appellants argue that the motion to dismiss was premature because a party may move for judgment on the pleadings pursuant to OCGA § 9-11-12 (c) only after the pleadings are closed, and the pleadings were not closed when Central Park filed its motion to dismiss. Appellants appear to miscomprehend the difference between a motion to dismiss and a motion for judgment on the pleadings, the latter of which Central Park did not file. Appellants state that when a party moves for dismissal pursuant to OCGA § 9-11-12 (b) (6), all well-pleaded allegations are to be taken as true and all allegations of the moving party that are denied are taken as false. But this is not the standard applicable to a motion to dismiss. Rather,

> [a] motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. The main consideration of such a motion to dismiss is

6

whether, under the assumed set of facts, a right to some form of legal
relief would exist. If material allegations are missing from a pleading,
then the pleading fails.

*Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012) (citations and
punctuation omitted).

Under OCGA § 9-11-12 (b), a motion to dismiss for failure to state a claim
upon which relief may be granted may be made "before or at the time of pleading."
There is no requirement that a trial court wait until after the pleadings are closed to
rule on a motion to dismiss filed pursuant to OCGA § 9-11-12 (b). Accordingly, the
trial court did not err by ruling on Central Park's motion to dismiss before the
pleadings were closed.

Appellants contend that Central Park's motion should be treated as a motion
for judgment on the pleadings because the trial court based its determination on the
complaint and the License Agreement, which was attached as an exhibit to the
complaint. However, we have held that "a trial court may properly consider exhibits
attached to and incorporated in the pleadings in considering a motion to dismiss for
failure to state a claim for relief." *Hendon Properties, LLC v. Cinema Development,*

7

Case S19C0874    Filed 03/08/2019    Page 38 of 36

*LLC,* 275 Ga. App. 434, 435 (620 SE2d 644) (2005) (footnote omitted). *See also Stendahl v. Cobb County*, 284 Ga. 525, 526 (1) n. 2 (668 SE2d 723) (2008); *Walker v. Oglethorpe Power Corp.*, 341 Ga. App. 647, 671 (5) (a) n. 94 (802 SE2d 643) (2017). Thus, the trial court's consideration of the License Agreement, which was attached as an exhibit to the complaint, did not make Central Park's motion to dismiss a motion for judgment on the pleadings.

In the alternative, Appellants argue that they presented evidence and made representations from outside the record to the trial court at a hearing on the motion, and, as a result, the motion to dismiss should have been treated as a motion for summary judgment. However, the record does not disclose that Appellants made this argument below. "Arguments not presented to the trial court may not be considered for the first time on appeal." *Cornelius v. Wood,* 223 Ga. App. 339*,* 341 (2) (447 SE2d 595) (1996) (citation omitted). Therefore, this claim of error is without merit.

(b) Although their main argument on appeal regarding the trial court's order dismissing their claims is based on timing, Appellants also contend that they have met their burden of stating a claim entitling them to relief. We disagree.

8

"When a complaint does not allege facts showing the existence of a contractual relationship between the plaintiff and the defendant, dismissal is proper because there is no set of provable facts within the framework alleged by the complaint that would result in liability for breach of contract." *Grady Memorial Hospital Corporation v. Hayes*, 341 Ga. App. 455, 457 (2) (801 SE2d 55) (2017) (citation and punctuation omitted). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." OCGA § 9-11-10 (c). "Hence, on a motion to dismiss, the trial court can consider exhibits attached to and incorporated into the complaint. To the extent that there is any discrepancy between the allegations in the complaint and the exhibits attached to it, the exhibits control." *Racette v. Bank of America, N.A.*, 318 Ga. App. 171, 172 (733 SE2d 457) (2012) (citations omitted). As discussed below, Appellants have failed to state a claim for breach of contract, money had and received, unjust enrichment, specific performance, and negligent misrepresentation.

Georgia's Statute of Frauds bars Appellants' breach of contract claim. The Statute of Frauds requires that any agreement that is not to be performed within one year from its making be in writing and signed by the party to be charged or some person lawfully authorized by him or her in order to make the agreement binding on the promisor. *See* OCGA § 13-5-30 (5). Consequently, a lease for a period in excess

of one year must be in writing. *See, e.g.*, *Citrus Tower Boulevard Imaging Center, LLC v. Owens*, 325 Ga. App. 1, 10 (2) (752 SE2d 74) (2013). The Lease Agreement provides for a 65 month term. Thus, to be enforceable under Georgia's Statute of Frauds, the Lease Agreement would have to be in writing and signed by the party to be charged. *See* OCGA § 13-5-30 (5). Although Appellants alleged in their amended complaint that Central Park had breached the Lease Agreement, the amended complaint and the attachments to the amended complaint show that Central Park did not sign the Lease Agreement. Accordingly, the Lease Agreement was not enforceable under Georgia's Statute of Frauds.

Appellants maintain that part performance of the License Agreement and the Lease Agreement exempts their contract from the Statute of Frauds writing requirement. Although OCGA § 13-5-31 (3) provides for an exception to the Statute of Frauds under certain circumstances where there has been part performance of a contract, that exception only applies if the part performance "is consistent with the presence of a contract and inconsistent with the lack of a contract." *Carter v. Parish*, 274 Ga. App. 97, 99 (616 SE2d 877) (2005). Here, it is not. The only part performance alleged by Appellants is the payment of rent to Central Park. However, Appellants made the $6,250 per month rent payments pursuant to the terms of the

10

License Agreement, not the long-term lease that they claim was breached. Thus, Appellants' payment of rent to Central Park is not inconsistent with the lack of a long-term lease agreement. Consequently, the exception allowed under OCGA § 13-5-31 (3) does not apply here, and the trial court did not err in dismissing Appellants' claim for breach of contract. Similarly, because the money paid by Appellants to Central Park was pursuant to the License Agreement and Appellants cannot show that Central Park was not entitled to keep the money, the trial court did not err in dismissing Appellants' claims for money had and received and unjust enrichment. *See Walker*, 341 Ga. App. at 674 (5) (b).

Appellants next contend that they are entitled to specific performance and injunctive relief based on the contention that Appellants and Central Park had reached an agreement on a long-term lease. However, as discussed above, the complaint and the attached exhibits show that Central Park never agreed to a long-term lease with Appellants. Consequently, the trial court did not err in dismissing these claims. Lastly, Appellants assert that Central Park negligently misrepresented to Strelzik that it had agreed to the long-term lease agreement. However, again, the complaint and the attached exhibits belie this claim. Rather, they show that Strelzik knew that no final

11

Case S19C0874    Filed 03/08/2019    Page 32 of 36

agreement had been reached. Thus, the trial court did not err in dismissing the claim for negligent misrepresentation.

2. In their second enumeration of error, Appellants contend that the trial court erred in consolidating the case filed by Appellants with the case filed by Central Park in a way that made Central Park the plaintiff without Appellants' consent. We review a trial court's order consolidating two cases under an abuse of discretion standard. *O'Malley v. Wilson*, 182 Ga. 97, 104 (185 SE 109) (1936). However, the record does not show that Appellants made this argument below. As discussed above, arguments not presented to the trial court may not be considered for the first time on appeal. *Cornelius,* 223 Ga App. at 341 (2). Moreover, the "Order for Consolidation" states that the parties consented to consolidation. A party may not acquiesce in a ruling and later complain about the ruling on appeal. *See WellStar Health System, Inc. v. Sutton*, 318 Ga. App. 802, 804 (1) (734 SE2d 764) (2012).

3. In their third enumeration of error, Appellants contend that the trial court erred in permitting Central Park's attorney fees request to go before a jury because the fees presented were not sufficiently definite. "The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award." *Spring Lake Property Owners Ass'n, Inc. v. Peacock,* 260 Ga. 80, 81 (390

12

Case S19C0874    Filed 03/08/2019    Page 33 of 36

SE2d 31) (1990) (citation omitted). Because there is evidence to support the award, we disagree with Appellants' contention.

OCGA § 13-6-11 allows a jury to award attorney fees if "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." A plaintiff seeking attorney fees under OCGA § 13-6-11 must prove the actual costs of the attorney and the reasonableness of those costs. *See Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*, 256 Ga. App. 556, 558 (2) (568 SE2d 816) (2002). Central Park presented evidence of over $125,000 in legal fees and costs incurred by Central Park. The jury awarded Central Park $100,086.50 in attorney fees.

Appellants argue that the attorney fees presented by Central Park were not reasonable in amount and were not sufficiently detailed. However, Central Park's lead counsel testified to the accuracy and authenticity of the invoices presented by Central Park in support of its claim for attorney fees, and noted that the redactions in the invoices were to protect attorney/client privilege and protected work product. Central Park's lead counsel testified that the fees on the invoices were necessary and reasonable. Under the "any evidence" standard of review, this testimony is sufficient to support the jury's award of attorney fees.

13

Appellants also argue that Central Park is not entitled to recover attorney fees because a plaintiff-in-counterclaim cannot recover attorney fees unless the plaintiff-in-counterclaim asserts an independent counterclaim. However, Central Park was not merely a "plaintiff-in-counterclaim." Central Park filed a dispossessory proceeding independently of the action initiated by Appellants, and the two cases were consolidated with Central Park as plaintiff after Appellants' complaint was dismissed. Thus, the trial court did not err by permitting Central Park's attorney fees request to go before the jury. *Compare Aetna Cas. & Sur. Co. v. Empire Fire & Marine Ins. Co.*, 212 Ga. App. 642, 647 (2) (442 SE2d 778) (1994) (where there is no independent claim other than for costs and fees, litigation expenses cannot be obtained under OCGA § 13-6-11).

Finally, Appellants argue that, based on OCGA § 13-6-12, Central Park's award of attorney fees should be limited because Appellants began paying rental amounts into the registry of the court in May of 2017. OCGA § 13-6-12 provides as follows: "[i]f the defendant in an action for breach of contract, before trial, tenders to the plaintiff or deposits in court as much as or more than he finally recovers, no costs shall be recovered accruing subsequent to the tender or deposit." However, the record does not show that Appellants made this argument in the trial court below. As

14

discussed above, arguments not presented to the trial court may not be considered for the first time on appeal. *Cornelius*, 223 Ga App. at 341 (2). Accordingly, we find no error.

    *Judgment affirmed. Gobeil and Hodges, JJ., concur.*

# <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that I have served a true and correct copy of the foregoing Petition for Certiorari upon opposing counsel by depositing the same in the United States Mail with sufficient postage attached to ensure delivery and addressed as follows:

Brian P. Watt, Esq.
T. Matthew Bailey, Esq.
Troutman Sanders LLP
Suite 3000
600 Peachtree Street
Atlanta, Georgia  30308-2216

This 8th day of March, 2019.


_____/s/ Steven J. Strelzik_____
Steven J. Strelzik
State Bar of Georgia No. 687025
sstrelzik@sjslawga.com

Attorney for Petitioner