UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Case No. 18-57431-LRC |
| STEVEN STRELZIK, | Chapter 11 |
| Debtor. | |
| THE UNITED STATES OF AMERICA, By and through its agency, THE DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Objector, *v.* STEVEN STRELZIK, Respondent. | Contested Matter |

**INTERNAL REVENUE SERVICE'S**
**RENEWED OBJECTION TO PLAN CONFIRMATION**

The United States of America, by and through its agency the Department of Treasury – Internal Revenue Service, and through the undersigned U.S. Attorney and Assistant U.S. Attorney ("IRS"), hereby files this objection ("Objection") to confirmation of the Debtor Steven Strelzik's ("Debtor") *Amended Plan of Reorganization* [ECF No. 113] ("Plan"). In support, the IRS states as follows.

## I.      Statement of Facts

1.      On April 30, 2018 ("Petition Date"), the Debtor filed a voluntary
petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*[1]

2.      The IRS timely filed its proof of claim on May 18, 2018 ("IRS Claim").
In its current iteration, the IRS Claim asserts a total right to payment of $107,775.76,
which is comprised of: (A) a secured claim of $40,339.53 for assessed federal
income tax liabilities for 2003, 2007, 2008, and 2009, inclusive of penalties and
interest to the Petition Date ("IRS Secured Tax Claim"); (B) an unsecured priority
tax claim of $28,768.33 for assessed federal income tax liabilities for 2015, 2016, and
2017, inclusive of interest to the Petition Date ("IRS Priority Tax Claim"); and (C)
an unsecured non-priority tax claim of $38,667.90 for assessed federal income tax
liabilities for tax years 2012, 2013, and 2014, inclusive of interest and other
penalties to the Petition Date ("IRS Unsecured Tax Claim").

3.      Upon information and belief, the Debtor has not filed federal income
tax returns 2018 or 2019.  To the extent recently filed, a copy of such returns has
not been provided to undersigned counsel.

4.      The Debtor filed the Plan on August 5, 2020.  *See* ECF No. 113.

---

[1]      All statutory references herein are to the Bankruptcy Code, unless a
different title of the United States Code is indicated.

5.      The IRS previously objected to the Debtor's proposed plan of reorganization at ECF No. 64.  *See* ECF No. 89.  The IRS incorporates by reference its prior objection to the plan, and all applicable grounds therefor.

## II.      Renewed Objections to Plan Confirmation

### A. The Plan does not comply with § 1129(a)(9)(C).

The Plan fails to the IRS Priority Tax Claim in full.  It only proposes to pay $23,833.07, however the IRS Priority Tax Claim is 28,768.33.  *See* Plan at § 3.03.  To comply with section 1129(a)(9)(C), the Plan must pay the IRS, on account of the IRS Priority Tax Claim, the "total value, as of the effective date of the plan, equal to the allowed amount of such claim…over a period ending not later than 5 years after the date of the order for relief…"  11 U.S.C. § 1129(a)(9)(C).  The IRS further objects to the extent the Plan purports to discharge the IRS Priority Tax Claim without paying the IRS Priority Tax Claim in full and as otherwise provided under section 1129(a)(9)(C).

### B. The Plan must address the filing of post-petition, pre-discharge federal tax returns and payment of such resulting tax liabilities.

The Plan proposes to pay administrative priority claims in full or "as may be agreed by the holder of the claim and the Debtor."  *See* Plan at § 3.02.  However, the Plan does not require the Debtor to file all post-petition tax returns as they may

come due under applicable nonbankruptcy law.  Given the self-reporting nature

of federal taxes, the IRS cannot accurately assess post-petition, pre-discharge tax

claims owed by the Debtor without first receiving and processing any unfiled post-

petition returns.  Similarly, without first receiving and processing any unfiled

post-petition returns, the IRS will be required to preserve its right to payment of

any administrative priority tax claims by filing a request for the payment of

unassessed or "estimated" post-petition taxes.  Accordingly, the Plan should not

be confirmed unless it is amended to clarify that—to implement the provisions

concerning the payment of administrative priority tax claims—the Plan should

require the Debtor to timely file all post-petition, pre-discharge federal tax returns

so that the IRS can properly assess the federal taxes due for these periods.

Federal law requires the timely filing of all tax returns or forms.  *See* 26

U.S.C. § 6011(a) (imposing general requirement of "any person made liable for any

tax imposed by this title…[to] make a return or statement according to the forms

and regulations prescribed by the [Treasury] Secretary.").  This requirement is in

no way displaced by the Bankruptcy Code.  To the contrary, it is an express duty

of a debtor-in-possession.  *See* 28 U.S.C. § 960 (rendering applicable all federal tax

laws as to "[a]ny officers and agents conducting any business under authority of

a United States court" to the same extent under nonbankruptcy law, unless

"excused under a specific provision of title 11."); 11 U.S.C. §§ 1106(a)(6), 1107(a)

(requiring a debtor-in-possession to furnish tax information to the government

"for any year for which the debtor has not filed a tax return required by law").

Therefore, to avoid any ambiguity in the Plan's obligations, it should

expressly write in a requirement to timely make all federal tax filings.  Indeed, to

be confirmed, a plan must comply with the applicable provisions of Title 11 and

not otherwise be proposed "by any means forbidden by law."  11 U.S.C. §§

1129(a)(2), (3).   The Plan's principal purpose must not be "the avoidance of

taxes…" 11 U.S.C. §§ 1129(d).  Moreover, absent such clarification, the IRS may—

unnecessarily—be constrained to file claims for unassessed or "estimated" claims

despite the Plan providing for payment of administrative priority tax claims in

full.  *See* Plan at § 3.02.

C. *The Plan improperly limits liability on administrative tax claims.*

Relatedly, the Plan appears to limit the Debtor's liability on administrative

priority tax claims to the extent such claims are not filed by the "Administrative

Bar Date."   *See* Plan at §§ 1.1, 1.2 (limiting "Administrative Claim" to claims

"which are timely filed by the Administrative Bar Date…").  However, section 503

permits a creditor to tardily file a request for the payment of administrative

expenses "if permitted by the court for cause."  § 503(a).  Moreover, governmental

units do not need to file a request for payment of administrative priority tax claims as a condition of having an allowed administrative expense. *See* § 503(b)(1)(D). While the IRS does not object to setting an administrative expense bar date, it objects to the extent the Plan appears to foreclose the Debtor's liability (and purports to discharge such liability) on any tardily filed administrative priority tax claim as may be permitted under section 503. *See* Plan at § 8.09 (limiting Plan liabilities to only "those expressly assumed under the Plan."). Rather, the Plan must permit any administrative tax claims as provided for under the Bankruptcy Code and, specifically, section 503.

### D. The Plan is not fair and equitable as to the IRS Secured Tax Claim.

The Plan proposes to pay the IRS Secured Tax Claim over a period of 10 years after the Effective Date. The proposed repayment period is too long and should not be confirmed.

Federal tax debts are not multi-decade loans from the U.S. Treasury to the taxpayer. To the contrary, federal law requires taxpayers to pay their tax debts, "without assessment or notice and demand from the Secretary…at the time and place fixed for filing the return…" 26 U.S.C. § 6151(a). Yet, in this case, the IRS Secured Tax Claim contains income tax liabilities reaching as far back as 2003. Even since assessment (in 2012), these liabilities have gone unpaid for nearly eight

years.[2]  Put simply, it is not fair and equitable for the full payment of secured

federal tax debts to be delayed by nearly twenty-six (26) years from the time they

should have been paid.

To confirm the Plan over the IRS's objection, the treatment of the IRS

Secured Tax Claim must be fair and equitable.  *See* 11 U.S.C. § 1129(b)(1).  While

fairness and equity require a consideration of the requirements under section

1129(b)(2)(A)(i), the Court may deny confirmation by also considering the length

of the proposed repayment period.  *See Fed. Sav. & Loan Ins. Corp. v. D & F Constr.,*

*Inc. (In re D&F Constr., Inc.)*, 865 F.2d 673, 675 (5th Cir. 1989) (denying confirmation

due to length of repayment and negative amortization rate, further noting

"technical compliance with all of the requirements in § 1129(b)(2) does not assure

that the plan is fair and equitable.") (internal quotations omitted); *In re VIP Motor*

*Lodge, Inc.*, 133 B.R. 41, 45 (Bankr. D. Del. 1991) ("As a result, due to the excessive

length of time in repaying the Bank its $1.9 million secured claim, the court must

deny confirmation because the cramdown does not treat the Bank's secured claim

equitably or fairly under § 1129(b)(2)(A) of title 11, United States Code.").

---

[2]      Relatedly, the Debtor was in arrears with the filing of federal tax returns for
2012 to 2017, as the IRS argued in its prior objection to confirmation.  *See* ECF No.
89.

Similarly, here, the repayment period is excessive in light of how long these tax debts have remained unpaid.  Further, the Plan does not preserve the IRS's ability to seek to foreclose its tax liens, or otherwise exercise other administrative remedies under the Internal Revenue Code, upon a default.

**E.  *The Plan should clearly define the consequence of default.***

Finally, the IRS objects to confirmation of the Plan as it fails to clearly define the consequences of a default.  Although the Plan defines "material default," it does not appear to provide any remedies for a material default.  This omission unnecessarily leaves the IRS uncertain as to its remedies under the Plan.  Further, it promotes further delay and expense in the collection of federal tax debts as the IRS may have to resort to conversion or dismissal of this case in the event of a default.  *See* 11 U.S.C. § 1112(b)(4)(N).  Rather, the Plan should clearly define the consequences of a default as it pertains to the obligations owed to the IRS, including by preserving the IRS's administrative remedies to assess or collect unfiled or unpaid taxes in addition to any other remedies under nonbankruptcy law.  To remedy this Plan deficiency, the IRS proposes the following language:

> If the Debtor fails to pay any pre-petition or post-petition, pre-discharge federal tax liability when due, the Debtor shall be in default of the Plan.  Upon failure to cure such default by no later than the tenth (10th) calendar day after the day of such default, the United

Page **8** of **10**

States of America may avail itself of administrative
remedies under the Internal Revenue Code to assess or
collect any unpaid pre- or post-petition federal tax
liabilities, including any applicable interest or penalties
thereon. Nothing herein shall limit or waive the United
States of America's remedies upon default under
nonbankruptcy law.

III.   **Conclusion**

For the foregoing reasons, the IRS respectfully requests that the Court deny

confirmation of the Plan, unless it is amended to address the objections raised

above.


Dated:  September 16, 2020.            Respectfully submitted,

                                       BYUNG J. PAK
                                       UNITED STATES ATTORNEY

                                       */s/ Andres H. Sandoval*
                                       Andres H. Sandoval
                                       Assistant U.S. Attorney
                                       Georgia Bar No. 643257
                                       United States Attorney's Office
                                       75 Ted Turner Drive SW, Suite 600
                                       Atlanta, Georgia 30303
                                       Telephone: (404) 581-6096
                                       Facsimile: (404) 581-6181
                                       E-mail: andres.sandoval@usdoj.gov
                                       *Counsel for the United States of America*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have on September 16, 2020, electronically filed the foregoing document using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

I further certify that on September 16, 2020, or as soon thereafter as service may be effected, I served, via First Class U.S. Mail, with adequate postage, the foregoing document on the following parties:

**Will B. Geer**
Wiggam & Geer, LLC
Suite 1245
50 Hurt Plaza SE
Atlanta, Georgia 30303

**Steven Jay Strelzik**
570 Londonberry Road
Atlanta, Georgia 30327

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: September 16, 2020.

BYUNG J. PAK
UNITED STATES ATTORNEY

*/s/ Andres H. Sandoval*
Andres H. Sandoval
Assistant U.S. Attorney