**IT IS ORDERED as set forth below:**

Date: October 1, 2020

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>STEVEN STRELZIK,<br><br>    Debtor. | Case No. 18-57431-LRC<br>Chapter 11 |

**STIPULATION AND CONSENT ORDER FOR PLAN TREATMENT OF CLAIM OF U.S. BANK, NATIONAL ASSOCIATION**

U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2001-A Mortgage Pass-through Certificates Series 2001-A ("Secured Creditor") and Debtor, Steven Jay Strelzik ("Debtor"), by and through their attorneys of record, now enter into the below stipulation to agree to plan treatment of the real property commonly known as 570 Londonberry Rd, Atlanta, GA 30327.

**RECITALS**

A.    On or about 8/18/1988, Debtor, for valuable consideration, made, executed and delivered a Note secured by a first priority Security Deed both in the amount of 219,300.00 on

1

the property commonly known as 570 Londonberry Rd, Atlanta, GA 30327 ("Subject Property").

B.  On 4/30/2018, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Georgia.

C.  As of the date of filing of said bankruptcy case, the total amount of Secured Creditor's claim with regard to the Subject Property was approximately $523,352.75.

D.  The parties have conferred and agreed upon treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

**THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:**

1. Secured Creditor holds a fully secured first lien on the Subject Property.
2. Beginning on November 1, 2020 (the "Payment Date"), Debtor agrees to make contractual payments to Secured Creditor beginning November 1, 2020, including the escrow payment, currently in the amount (as of 11/1/20) of $2,590.35 + $303.50 to equal $2,893.85. These payments will be applied contractually to the loan as they are received. Debtor is aware this payment may fluctuate and are responsible for confirming that payment with Secured Creditor as needed.
3. All contractual arrears on the loan as of November 1, 2020, will be placed as a second non interest bearing balloon due at maturity, and the loan will be deemed current as of November 1, 2020. This does not include any escrow shortages or fees and costs on the loan once the loan is current. The entire remaining principal and any deferrals will be due in full at maturity. The approximate amount of these arrears is $224,877.27. The payment due on the Payment Date is $2,893.85.
4. Upon request of the Debtor's attorney to the Secured Creditor's attorney after the Payment Date, Secured Creditor will provide a breakdown to the Debtor of the non-interest bearing balloon amount and monthly payment amount.
5. Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., at Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake

City, UT 84165-0450, with reference to the last four digits of the Loan Number 0697, or as otherwise directed.

6. Following entry of this Order, the terms of this Stipulation and Consent Order shall control and supersede the payment provisions set forth in the Consent Order on Motion for Relief from Automatic Stay, entered on January 11, 2019 at [Doc. 58].

7. Secured Creditor will continue to impound this loan for taxes and insurance related to the Subject Property and charge a monthly escrow payment in addition to Debtor's monthly principal and interest payment. Debtor is obligated to make the monthly escrow payment in addition to principal and interest payments. The current monthly escrow payment is $1,578.14 for insurance and taxes plus $23.36 for the escrow shortage payment, for a total of $1,601.50. Debtor understands that these amounts may fluctuate. Debtor also agrees to provide proof of insurance to Secured Creditor within 30 days upon request. All escrow shortages pursuant to Paragraph 3 will remain due and owing on the loan and will be repaid through the escrow account on this loan. In addition this loan is an Adjustable Rate Mortgage (ARM) and Debtor is responsible for paying all payment changes on the ARM and Escrow as they become due.

8. All other terms of the Security Deed and Note not directly altered by this agreement will remain in full force and effect.

9. Relief is granted on the date of confirmation and all default provisions of the Note and Mortgage remain in full force and effect.

10. In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to and after the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. The default may be declared on missing the contractual payment in any given month. Debtor shall have thirty (30) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in

FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

11. If Debtor defaults on the obligations set forth herein on more than two (2) occasions prior to the entry of the confirmation order, Secured Creditor may lodge a Declaration of Default and Order Terminating the Automatic Stay. The Order shall be entered without further hearing. The automatic stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor, and Secured Creditor may proceed with and hold a Trustee's sale of the Subject Property pursuant to applicable state law, and without further Court Order of proceeding being necessary, commence any action necessary to obtain complete possession of the Subject Property, including unlawful detainer, if required.

12. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

13. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

14. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the

original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

## CONSENT ORDER

In consideration of the recitals set forth above, the Court hereby accepts the agreement of the Debtor and Secured Creditor, and the Stipulations are hereby made an Order of the Court. The plan treatment set forth herein shall govern the rights of the Debtor and Secured Creditor and supersede any contrary language in a confirmed plan.

**[END OF DOCUMENT]**

**CONSENTED TO BY:**

| | |
|---|---|
| */s/ Bret J. Chaness* | */s/ Will B. Geer (by BJC w/ express permission)* |
| Bret J. Chaness (GA Bar No. 720572) | Will B. Geer (GA Bar No. 940493) |
| **Rubin Lublin, LLC** | **Wiggam & Geer, LLC** |
| 3145 Avalon Ridge Place, Suite 100 | 50 Hurt Plaza, SE, Suite 1150 |
| Peachtree Corners, GA 30071 | Atlanta, GA 30328 |
| (678) 281-2730 (Telephone) | Phone: 678-587-8740 |
| (404) 921-9016 (Facsimile) | Fax: 404-287-2767 |
| bchaness@rubinlublin.com | wgeer@wiggamgeer.com |
| *Attorneys for U.S. Bank, National Association, as Trustee for the EMC Mortgage Loan Trust 2001-A Mortgage Pass-through Certificates Series 2001-A* | *Attorney for the Debtor* |

**DISTRIBUTION LIST**

Bret Chaness
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Will B. Geer
Wiggam & Geer, LLC
50 Hurt Plaza SE, Suite 1150
Atlanta, GA 30328